

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00069-CV
_____

IN THE INTEREST OF K.X., A CHILD

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 93,799-1-FM; Honorable Cary Baker, Presiding

July 14, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE AND PARKER, JJ.

Biological father, C.X., appeals the trial court's termination of his parental rights to child, K.X. Appointed counsel for C.X. has filed a motion to withdraw, together with an *Anders* brief in support thereof.[1] In the latter, counsel certified that she diligently searched the record and concluded that the appeal was without merit. Appellate counsel also filed a copy of a letter sent to C.X. informing him of his right to file a pro se response. C.X. was also provided a copy of the appellate record, according to counsel. By letter dated

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

May 25, 2021, this Court notified C.X. of his right to file his own brief or response by June 14, 2021, if he wished to do so. On June 14, C.X. filed a pro se response, which we have considered.

In his pro se response, C.X. complains generally about the lack of communication with appellate counsel, insinuates counsel was ineffective, alerts the court to his current incarceration status, and maintains that, if given another chance, he would work services and do what was needed to attain rights to his son.[2]

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal concerning the grounds upon which the trial court relied to terminate the father's parental rights. Those three grounds involved § 161.001(b)(1)(E), (O), and (P) of the Texas Family Code. Counsel's discussion encompassed the sufficiency of the evidence to support 1) the statutory grounds upon which termination was based and 2) the finding that termination was in the child's best interest. Per our obligation discussed in *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)), we too reviewed the appellate record in search of arguable issues for appeal. None were found.

Per *In re N.G.*, 577 S.W.3d 230 (Tex. 2019) (per curiam), we also conducted an independent review of the evidence underlying the trial court's findings that termination was warranted under § 161.001(b)(1)(E) of the Texas Family Code. *See In re L.G.*, 596 S.W.3d 778, 779 (Tex. 2020) (per curiam) (concluding that court of appeals erred "by not detailing its analysis [on (D) and (E)] as required by [*In re N.G.*]"). That evidence

---

[2] To the extent his response asks that we appoint him new appellate counsel, we deny said request.

illustrated C.X. 1) had a ten-year history of drug abuse and criminal conduct; 2) was incarcerated during most of K.X.'s mother's pregnancy and during much of the Department's involvement; 3) had not completed most of the court-ordered services aimed at improving his mental health and parenting skills; and 4) failed to maintain stable employment and suitable housing. Combined, this evidence is both legally and factually sufficient to support a finding warranting termination under subsection (E). *See In re V.A.*, No. 07-17-00413-CV, 2018 Tex. App. LEXIS 1521, at *10 (Tex. App.—Amarillo Feb. 27, 2018, no pet.) (mem. op.) (stating that a parent's continued use of drugs demonstrates an inability to provide for the child's emotional and physical needs and a stable environment); *In re S.H.*, No. 07-15-00177-CV, 2015 Tex. App. LEXIS 9731, at *8 (Tex. App.—Amarillo Sept. 16, 2015, no pet.) (mem. op.) (stating that "[f]rom the evidence presented, the trial court reasonably could have reached a firm conviction [mother] had pursued a course of conduct, through her chronic drug use, that endangered [infant son]'s physical and emotional well-being" which warranted termination under § 161.001(b)(1)(E)).

We concur with counsel's representation that the appeal is meritless due to the absence of arguable error. Accordingly, the judgment is affirmed.[3]

Per Curiam

---

[3] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).